UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW MAGDY,<br>   *Plaintiff,*<br><br>v.<br><br>I. C. SYSTEM, INC.,<br>   *Defendant.* | CASE NO. 4:21-cv-00994<br><br>**Defendant's Brief in Support of Motion to Dismiss Claims** |

## DEFENDANT I.C. SYSTEM, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS

COMES NOW the Defendant, I.C. System, Inc. ("ICS"), and moves this Court to dismiss Plaintiff's claims that are brought pursuant to section 1692c of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). In support, ICS states:

### INTRODUCTION

This case is a second lawsuit filed by Plaintiff Andrew Magdy ("Magdy") against Defendant I.C. System, Inc. ("ICS") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Magdy's claims in the Amended Complaint are essentially identical to the claims, facts, and theories raised in the original lawsuit. In Magdy's first lawsuit against ICS ("Case One"), Case No. 4:20-cv-01434, this Court granted ICS Judgment on the Pleadings on all counts, holding that Magdy is not a consumer with respect to ICS' collection activities, and therefore cannot maintain a suit under section 1692c of the FDCPA. Magdy is a bankruptcy attorney who alleges he is a

1

third party with standing to file this suit under section 1692c of the FDCPA.[1] ICS is a debt collection agency. A true and accurate copy of this Court's August 25, 2021 Opinion, Memorandum and Order dismissing Case One is attached hereto as Exhibit A (Dismissal Order). For the reasons set forth in this Court's Dismissal Order in Case One, Magdy's section 1692c claim should be dismissed as a matter of law.

According to both Complaints filed by Magdy, ICS contacted Magdy through written correspondence in an attempt to collect a debt. The letter sent to Magdy indicated ICS had identified him as the attorney representing a consumer, asked Magdy to verify his representation, and stated the consumer had thirty days to dispute the debt. Magdy alleges that he did not represent the consumer in question, and the consumer never identified Magdy as his attorney. Magdy alleges he spent professional time engaging in a search of his records to determine if he represented the consumer. As a result, he allegedly lost revenue, productivity, and income.

Just as in Case One, Magdy is *again* claiming third party standing to bring the claim under section 1692c(b) under a nearly identical set of alleged facts, and seeks actual and statutory damages, costs, and attorney's fees pursuant to section 1692k. This case was removed to this Court on August 9, 2021.

---

[1] After well over a year of litigation, with Case One still on appeal, and in response to a similar Motion to Dismiss filed by ICS in this case on August 30, 2021, Magdy has only now filed his First Amended Complaint, with leave of this Court, alleging additional violations outside of section 1692c. This motion relates only to the claims Magdy brings under section 1692c. ICS reserves the right to challenge the other legal theories and claims in Magdy's First Amended Complaint at a later time, and has filed an answer to same.

## LEGAL STANDARD

To "survive a motion to dismiss under Rule 12(b)(6), a compliant must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotations omitted)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility." *Id*. "The complaint's factual allegations must be sufficient to raise a right to relief above the speculative level, however, and the motion to dismiss must be granted if the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Walsh v. Friendship Vill. of S. Cty.*, 352 F.Supp.3d 920, 924 (E.D. Mo. 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotations omitted)). "Furthermore, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Walsh v. Friendship Vill. of S. Cty.*, 352 F. Supp. 3d 920, 924 (E.D. Mo. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted)).

## ARGUMENT

**I.  As a Matter of Law, Magdy is Not a Consumer Under the FDCPA and Therefore Cannot Bring Suit to Recover Under Section 1692c**

Magdy's Complaint in Case One, just as in the present case, alleged violations under section 1692c of the FDCPA. In Case One, this Court granted Judgment on the Pleadings, stating, "Plaintiff is not a 'consumer' under the statute, and therefore has no standing to bring this cause of action under 15 U.S.C. § 1692c." In light of this Court's previous ruling

3

regarding Magdy, he does not have third party standing under section 1692c. *See* Exhibit A.

Parallel to Case One, Magdy cites to *Thomas v. Consumer Adjustment Co.*, which this Court has established is distinguishable from the present case. In granting ICS's Motion for Judgment on the Pleadings, this Court stated that *Thomas* "is inapplicable since it was decided on a unique set of facts wherein the plaintiff and the consumer shared a residence; the telephone call was made to that residence." Further, the Court held the letter ICS sent to Magdy was "merely an attempt to obtain information, not an attempt to collect the debt specifically from the consumer." Magdy attempts to engage in a second lawsuit with ICS claiming the same violations, the same injury, and citing the same case. Further discussing why the *Thomas* holding should not apply in the present case would be a waste of this Court's valuable time and energy when it has already held that Magdy lacks standing to sue ICS under section 1692c.

It is worth noting that, before Case One, the Eighth Circuit was not given the opportunity to analyze the issue of third party standing under section 1692c. This Court ultimately decided to follow the many other Circuits that have specifically ruled, based on its plain language, that section 1692c permits only consumers, and not third parties, to sue. The purpose and plain language of the statute establish that Magdy cannot maintain standing under section 1692c. This is illustrated within the analysis conducted by this Court in Case One, where this Court held that, "Plaintiff does not fall within the definition of 'a consumer,' nor does he fit within the stated Congressional declaration of the purpose of the statute itself." *See Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003)

("only a 'consumer' has standing to sue for violations under [section 1692c]"); *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013) ("[section] 1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves"); *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) (unpublished) (plaintiff lacked standing to sue under section 1692c because plaintiff was not a "consumer").

In the present case, Magdy cites to *Harvey v. Bank of America Corp.*, in what appears to be in attempt to demonstrate that this Court chose to uphold the decision in *Thomas*. However, Magdy fails to mention that this Court in *Harvey* cited the case in dicta to illustrate that based on some unique circumstances this Court might decide that a non-consumer should be granted standing, but that the plaintiff in *Harvey* had not made any "allegations that could be construed to fall within these provisions of the FDCPA." *Harvey, v. Bank of America, Corp., et al.*, No. 4:10CV510 RWS, 2010 WL 11583350, at *5 n.11 (E.D. Mo. Aug. 6, 2010) (dicta citation in footnote). Parallel to *Harvey*, as this Court has previously pointed out, Magdy's Complaint does not fall within these unique circumstances and cannot be granted standing under section 1692c. Magdy also points to *Flowers v. Accelerated Bureau of Collections, Inc.*, and its internal citations, none of which analyze third party standing in a case involving allegations of violating section 1692c. *Flowers v. Accelerated Bureau of Collections, Inc.*, No 96 C 4003, 1997 WL 136313, at *7 (N.D. Ill. Mar. 19, 1997). These opinions cannot be used to show Magdy has standing to pursue a third-party claim under section 1692c.

5

As stated previously by ICS, "[t]he crux of 1692c(b) and the injury it is intended to prevent is the dispersal of a debtor's private information to another party. As that is the interest protected, only the debtor has standing to bring an action for a violation of 1692c(b)." *Meadows v. Franklin Collection Serv., Inc.*, No. 7:09-CV-00605-LSC, 2010 WL 2605048, at *4 (N.D. Ala. June 25, 2010). In short, Magdy's section 1692c claims cannot survive a motion to dismiss because he has not shown that "success on the merits is more than a sheer possibility," given that this Court has already denied Magdy standing to sue ICS for violations of section 1692c. *Braden*, 588 F.3d at 594.

## CONCLUSION

Magdy complains that his "professional time" was wasted by receiving communications from a debt collector about someone he did not, in fact, represent. However, as stated by both this Court and ICS, the FDCPA simply was not designed to protect attorneys' "professional time," but to protect consumers themselves from abusive debt collection behavior. As a third party, Magdy does not have standing to bring his section 1692c claims. This Court should follow its previous ruling and grant this Motion to Dismiss those claims in favor of ICS.

WHEREFORE, PREMISES CONSIDERED, Defendant, I.C. System, Inc., respectfully requests this Court grant this Motion to Dismiss Claims in its favor, that the Court dismiss Plaintiff's section 1692c claims with prejudice, award Defendant all fees and costs incurred herein, and for such other relief as this Court deems just.

**SIGNATURE AND SERVICE ON FOLLOWING PAGE**

Dated: November 12, 2021                                  Respectfully Submitted,

                                                          **MALONE FROST MARTIN PLLC**

                                                          *Attorneys for Defendant*

                                                          By:/s/ PATRICK A. WATTS
                                                          Patrick A. Watts, #61701
                                                          1200 S. Big Bend Blvd.
                                                          St. Louis, Missouri 63117
                                                          pwatts@mamlaw.com
                                                          P: (314) 669-5490
                                                          F: (888) 632-6937


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system on this 12th day of November, 2021, to:

Richard A. Voytas, Jr., #52046
rick@voytaslaw.com
7321 S. Lindbergh Blvd., Ste. 101
St. Louis, MO 63125
Phone: (314) 394-0605
Fax: (636) 333-1212
*Attorney for Plaintiff*

                                                          By:/s/ Patrick A. Watts