**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW MAGDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-994 RLW |
| | ) | |
| I.C. SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant I.C. System, Inc.'s ("ICS") Motion to Dismiss Claims.  (ECF No. 24). Plaintiff Andrew Magdy opposes the motion and it is fully briefed. (ECF Nos. 25, 28, 29). The Court grants the motion for the reasons below.

**BACKGROUND**

This case arises from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). (ECF No. 20). In his Amended Complaint, Plaintiff—a bankruptcy attorney—asserts that ICS sent him 154 collection letters relating to debts held by various consumers, in violation of §§ 1692c(b), 1692d, 1692e, and 1692f of the FDCPA. *Id.* Plaintiff contends that none of the consumers had ever identified Plaintiff as their attorney. *Id.* Plaintiff states that he had to open each letter and perform "an exhaustive search of his own files" to determine whether he had at any point represented the consumers identified in the letters. *Id.* This effort, he contends, cost substantial time and money. *Id.*

This is Plaintiff's second lawsuit against ICS arising under the FDCPA. *See Magdy v. I.C. Sys., Inc.*, 4:20-cv-1434-HEA, 2021 WL 3764543, at *1 (E.D. Mo. Aug. 25, 2021), aff'd, 47 F.4th 884 (8th Cir. 2022). In the first action, which involved only a single collection letter, Plaintiff

asserted that ICS violated only § 1692c(b), which prohibits debt collectors from contacting certain third parties without the consumer-debtor's prior consent. 15 U.S.C. § 1692c(b). ICS timely moved for judgment on the pleadings, arguing that Plaintiff lacked third-party standing to sue under that provision. *Magdy v. I.C. Sys., Inc.*, 2021 WL 3764543, at *1. The district court agreed, finding that only consumers have standing to bring claims under § 1692c. *Id.* The Eighth Circuit upheld the district court's determination on appeal. *Magdy v. I.C. Sys., Inc.*, 47 F.4th 884 (8th Cir. 2022).

## LEGAL STANDARD

The Court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

"Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

ICS asks this Court to dismiss Plaintiff's § 1692c claims. (ECF No. 25 at 2 n.1). In light of the Eighth Circuit's recent decision in *Magdy v. I.C. Sys., Inc.*, the Court will do so. *See Magdy*, 47 F.4th 884.

The sole issue before the Court is whether Plaintiff, a third-party attorney unaffiliated with the relevant consumers, falls within the class of plaintiffs that Congress has authorized to sue under § 1692c(b). Plaintiff argues that § 1692c(b) gives him standing because ICS contacted him about a consumer's debt without first receiving that consumer's consent. (ECF No. 28) ICS counters that the plain language of § 1692c(b) reflects Congress's intent to give standing only to the impacted consumer, not the contacted third party. (ECF Nos. 25, 29). The Eighth Circuit, and this Court, agree with ICS.

Section 1692c(b) states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The Eighth Circuit held that "non-consumers cannot bring a claim under § 1692c." *Magdy*, 47 F.4th 884. In doing so, the Eighth Circuit joined several other circuits that have considered the issue. *See, e.g., Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013) ("[Section] 1692c restricts debt collectors' communications with and about consumers and is understood to

protect only the consumer-debtors themselves."); *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) ("[O]nly a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c." (citation omitted)); *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) (per curiam) (holding that plaintiff lacked standing to sue under § 1692c because she was not a consumer).

In light of the Eighth Circuit's decision, the Court finds that Plaintiff lacks standing to sue ICS under 15 U.S.C. § 1692c because Plaintiff is not the consumer. Thus, the Court must grant ICS's motion to dismiss. (ECF No. 24). *See Benton*, 524 F.3d at 870 ("Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.").

## CONCLUSION

The Eighth Circuit's well-reasoned decision is binding on this Court. For that reason, the Court will grant ICS's motion to dismiss as it pertains to Plaintiff's claims under 15 U.S.C. § 1692c.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant I.C. System, Inc.'s Motion to Dismiss Claims, (ECF No. 24), is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of September, 2022.

4